ERNESTO G. ADAMS,

      Plaintiff,

v.                                **MEMORANDUM OF LAW & ORDER**
                                    Civil File No. 10-858 (MJD/LIB)

STRYKER PAIN PUMP CORPORATION,

      Defendant.

Ernesto G. Adams, pro se.

Timothy P. Griffin and Brian W. Thomson, Leonard Street and Deinard, PA, and Vaughn A. Crawford, Snell & Wilmer LLP, Counsel for Defendants.

## I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. [Docket No. 13] Based upon the Court's careful review of the briefs and record in this case, the Court concludes that oral argument is unnecessary. The Court **GRANTS** the Motion to Dismiss without prejudice, with leave to amend. Oral argument, which was set for Friday, December 3, 2010, is **CANCELLED**.

## II.    BACKGROUND

1

### A. Factual Background

Plaintiff Ernesto G. Adams is an individual currently incarcerated in the Federal Correctional Institution at Sandstone, Minnesota. (Compl. ¶ 1.) Defendant Stryker Pain Pump Corporation ("Stryker") is a corporation organized under the laws of the State of Michigan, with its principal place of business in Michigan. (Id. ¶ 2.) Defendant manufactures and markets anesthetic delivery devices known as "pain pumps." (Id. ¶¶ 10–11.)

On approximately August 31, 2007, Plaintiff underwent surgery on his right shoulder. (Compl. ¶ 6.) Dr. Michael Momont performed the surgery in Duluth, Minnesota. (Id. ¶ 7.) As part of the procedure, a Stryker pain pump catheter was inserted in the subacromial space of Plaintiff's shoulder. (Id. ¶ 8.)

Plaintiff was discharged the day of his procedure and was instructed to remove the pain pump 48 hours after his discharge. (Compl. ¶ 9.) Plaintiff complied with these instructions. (Id.) After the surgery, Plaintiff has suffered prolonged and extreme pain, weakness, popping and grinding, and decreased range of motion in his right shoulder. (Id. ¶ 13.) These injuries are symptomatic of chondrolysis. (Id.) Plaintiff alleges that he suffered these injuries and

chondrolysis as a direct result of the use of the Stryker pain pump in his shoulder. (Id. ¶ 14.)

### B. Procedural Background

On March 19, 2010, Plaintiff filed a Complaint against Stryker in this Court. Although Plaintiff does not list specific causes of action, he appears to assert claims for strict liability based on defective design or manufacture and failure to warn.

Defendants have filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## III. DISCUSSION

### A. Legal Standard for Motion to Dismiss under Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the

3

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

The Court must view the Complaint as a whole. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible where "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

### B. Application of 12(b)(6) Standard to the Complaint

The Court concludes that, even with a liberal reading of Plaintiff's Complaint, Plaintiff has failed to allege sufficient facts to support a plausible claim for relief for failure to warn, design defect, or manufacturing defect.

Overall, Plaintiff alleges bare legal conclusions, insufficient to survive this motion to dismiss.

### 1. Product Liability: Defective Design or Manufacture

In order to recover in a products liability suit, Plaintiff must establish three elements: "(1) that the defendant's product was in a defective condition unreasonably dangerous for its intended use, (2) that the defect existed when the product left the defendant's control, and (3) that the defect was the proximate cause of the injury sustained." Bilotta v. Kelly Co., 346 N.W.2d 616, 623 n.3 (Minn. 1984) (citation omitted). In his Complaint, Plaintiff cursorily alleges: "Upon information and belief, by reason of Stryker's negligent and defective design and/or manufacture of the Stryker Pain Pump, the Stryker Pain Pump inserted on the Plaintiff delivered to the Plaintiff more anesthetic than he could safely absorb." (Compl. ¶ 11.) This threadbare allegation does not plead facts showing that the pain pump was unreasonably dangerous for its intended use. Nor does this allegation note any particular manufacturing defect or deviation in the manufacture of the specific pain pump Adams used.

### 2. Failure to Warn

A failure-to-warn claim consists of three elements: "(1) whether there exists a duty to warn about the risk in question; (2) whether the warning given was inadequate; and (3) whether the lack of a warning was a cause of plaintiff's injuries." Seefeld v. Crown, Cork & Seal Co., Inc., 779 F. Supp. 461, 464 (D. Minn. 1991) (citing Balder v. Haley, 399 N.W.2d 77, 81 (Minn. 1987)).

Plaintiff alleges that Stryker marketed its pain pump "for the stated purpose of delivering anesthetics to surgical patients such as Plaintiff in order to manage normal post-operative pain." (Compl. ¶ 10.) Plaintiff has failed to plead facts that show that Stryker promoted its pain pump for use in the shoulder joint space, as the pain pump was used with Adams. Plaintiff does not allege that Stryker gave any instruction to Adam's surgeon regarding placement of the pain pump into the shoulder joint. Nor does Plaintiff allege any facts to support the conclusion that Stryker knew or should have known that its pain pump would be dangerous when used in the shoulder joint. See Gray v. Badger Min. Corp., 676 N.W.2d 268, 274 (Minn. 2004) ("In general, a supplier has a duty to warn end users of a dangerous product if it is reasonably foreseeable that an injury could occur in its use.") (citation omitted).

### 3. Punitive Damages

In Plaintiff's prayer for relief, he demands "[p]unitive damages in an amount to be determined at trial." (Compl. at 4.)

Minnesota Statute § 549.191 provides that, "[u]pon commencement of a civil action, the complaint must not seek punitive damages." Instead, after filing the suit, a plaintiff may make a motion to amend the pleadings to claim punitive damages. Id. Such motion must be supported by both law and fact. Id.

Plaintiff's demand for punitive damages is improper at this juncture. At a later point, if appropriate, Plaintiff can request punitive damages by seeking punitive damages in an amended complaint. Plaintiff's request for punitive damages is dismissed without prejudice.

### C. Conclusion

While the Court grants Defendant's motion to dismiss, it notes that this decision is not based upon Stryker's improper summary judgment arguments made in its briefs. This case is as the pleadings stage, and no discovery has occurred. Therefore, the Court gives no weight to Stryker's assertions that outside evidence demonstrates that Plaintiff's claims will fail on the merits because, for example, there is no evidence that Stryker's pain pumps cause chondrolysis when used in the shoulder joint.

The Court dismisses Plaintiff's Complaint for failure to plead sufficient facts to support the claims advanced. However, because Adams is pro se and because it appears that he may be able to supply a viable Amended Complaint to the Court, which adequately sets forth facts to support his claims, this dismissal is without prejudice. The Court grants Adams sixty days to file an Amended Complaint that complies with this Order. The Court is also providing Adams with information regarding the FBA Pro Se Project, through which Adams may be able to obtain a volunteer lawyer to provide assistance in his case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendants' Motion to Dismiss Plaintiff's Complaint [Docket No. 13] is **GRANTED** as follows: The Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff has sixty days from the date of this Order to file an Amended Complaint. If no Amended Complaint is filed within sixty days, this case will be closed.

Dated: December 1, 2010
s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court